IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| In re: | : | CHAPTER 11 |
| | : | |
| FORT WASHINGTON DENTAL LAB, INC., | : | BANKRUPTCY NO.  09-19301 (BIF) |
| | : | |
| | : | Objection Deadline: January 19, 2010 |
| Debtor. | : | Hearing Date: February 10, 2010 at 11:00 a.m. |
| | : | |

MOTION OF UNIVEST NATIONAL BANK AND TRUST  COMPANY
FOR AN ORDER PROHIBITING THE DEBTOR'S USE OF CASH
COLLATERAL PURSUANT TO 11 U.S.C. § 363(c) OR IN THE ALTERNATIVE
FOR ADEQUATE PROTECTION UNDER 11 U.S.C. § 363(e)

TO:   THE HONORABLE BRUCE FOX,
      UNITED STATES BANKRUPTCY JUDGE:

Univest National Bank and Trust Company (the " Bank"), by and through its undersigned

counsel, hereby moves for an order pursuant to 11 U.S.C. § 363(c) prohibiting the use by the

above-captioned debtor (the "Debtor") of cash collateral, or in the alternative for an order

pursuant to 11 U.S.C. § 363(e) affording the Bank adequate protection and respectfully represent

as follows:

BACKGROUND

1.      On December 1, 2009, (the "Petition Date"), the Debtor filed a voluntary petition

for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy

Code").  Since the Petition Date, the Debtor has continued to operate its business as a debtor-in-

possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.      No trustee or examiner has been appointed herein.

3.      Prior to the Petition Date, the Bank made several loans, advances, and extensions

of credit for the benefit of the Debtor.  Specifically, on or about April 13, 2006, the Bank made a

loan to the Debtor in the amount of $135,000.00, (the "First Loan") which is reflected on the

Debtor's schedules as account number 132208869.   Also on April 12, 2006, the Debtor executed

a promissory note (the "First Note") in favor of the Bank, the terms of which required the Debtor

to repay the First Loan according to the terms set forth in the First Note.  The First Loan is

secured by a lien on and security interests in substantially all of the Debtor's assets, including the

Debtor's equipment, chattel paper, documents, fixtures, general intangibles, inventory, accounts

and the cash proceeds thereof (the "Univest Collateral").  As of the Petition Date, the outstanding

amount due on the First Loan was approximately $74,687.56.

4.    On or about October 10, 2006, the Bank made an additional loan to the Debtor in

the amount of $400,000.00, which is reflected on the Debtor's schedules as account number

132211673 (the "Second Loan").  On the same date, the Debtor executed a promissory note (the

"Second Note"), the terms of which require the Debtor to repay the Second loan according to the

terms set forth in the Second Note.  The Second Loan is also secured by the Univest Collateral.

As of the Petition Date, the outstanding amount due on the Second Loan was approximately

$335,757.80.

5.    On or about November 13, 2007, the Bank modified a prior credit agreement

between the Debtor and the bank to increase the credit available to the Debtor to $100,000.00

(the "Third Loan" and collectively with the First and Second Loans, the "Loans").  The Debtor's

schedules should reflect this obligation as account number 132166091.[1]  The Debtor, by

executing the Debt Modification Agreement in connection with the Third Loan,  promised to

repay the Third Loan in accordance with the terms of the originally executed credit agreement

---

[1] The Debtor lists this obligation as an unsecured obligation on its Schedule F.  The Loan Modification specifically
incorporated the terms of the original obligation. When executing the original obligation the Debtor executed
Commercial Variable Rate Revolving or Draw Note, the terms of which specifically provided that the payment of the
note was to be secured by the Collateral.

2

dated December 18, 2002.  The Third Loan is secured by the Univest Collateral.  As of the

Petition Date, the outstanding amount due on the Third Loan was approximately $99,500.00.

6.      In addition to the Loans, the Debtor also signed certain guarantees in favor of the

Bank to secure loans made by the Bank to Thomas J. Balshi and Robert D. Winkleman, account

numbers 132216045 and 132224460 (collectively "The Guarantees").  Mr. Winkleman is an

insider of the Debtor.  The outstanding balances of the two guaranteed loans, as of the Petition

Date, were in excess of $300,000 and $50,000 respectively.

7.      As of the Petition Date the Debtor was current with its payments under the Loans.

It has been represented to the Bank, that the petition was filed because one of the Guarantees

(account132216045) was maturing and the borrowers on that loan were not in a position to

satisfy the debt.  Presumably, it is the fact that the Debtor guaranteed loan 132216045 that has

lead to this bankruptcy filing.[2]

8.      The Univest Collateral includes the cash generated in the operation of the

Debtor's dental laboratory business and is "cash collateral" within the meaning of § 363(a) of the

Bankruptcy Code.

9.      At no time from or after the Petition Date has the Debtor sought an order of this

Court authorizing its use of cash collateral.  Upon information and belief, an agent of the Debtor

contacted the Bank immediately after the Petition Date and purportedly obtained the Bank's

consent to the use of the cash collateral.  The aforementioned "consent" was not obtained from

an individual with authority to bind the Bank and, in fact, the Bank does not consent to the use of

cash collateral.

10.     For the reasons hereinafter set forth, the Bank seeks an order pursuant to

section 363(c) of the Bankruptcy Code prohibiting the Debtor's use of cash collateral, or in the

---

[2] The Bank reserves the right to file a motion contesting the good faith filing of this bankruptcy.

3

alternative, adequate protection under section 363(e) of the Bankruptcy Code until such time as the Debtor is able to successfully confirm a plan of reorganization.

<u>THE RELIEF REQUESTED AND THE REASON THEREFOR</u>

11.      Section 363(c) of the Bankruptcy Code makes it clear that a debtor may not use, sell or lease cash collateral unless each entity that has an interest in such cash collateral consents or this Court authorizes such use after notice and a hearing.  11 U.S.C. § 363(c)(2)(A) and (B).

12.      Upon information and belief, the Debtor has continued to generate cash proceeds from its dental laboratory operations from and after the Petition Date without complying with either of the conditions set forth in the statute.

13.      At the same time, the Debtor has failed to provide adequate protection of the Bank's interests in the Univest Collateral within the meaning of section 361 of the Bankruptcy Code in that it has failed to provide any additional protection to the Bank including but not limited to providing the Bank with replacement liens or furnishing any substitute collateral to the Bank.

14.      Based upon the foregoing, the Bank seeks an order prohibiting the Debtor's use of cash collateral since neither of the predicates for such use – the Bank's consent or the entry of an order authorizing such use – are present here.

15.      In this regard, the Debtor's schedules reflect that it's assets are valued at only $197,801.85, while the Debtor's obligations to the Bank alone total more than $500,000. Further, by far the most valuable asset held by the debtor is its accounts receivable.  The Debtor's schedule B reflects that of the $197,801.85 it holds in assets $100,000 of that is attributable to its accounts receivable.  Given the liquid nature of the accounts receivable, coupled with the fact that it is unknown what the impact the instant bankruptcy filing will have on the Debtor's good will in the community going forward, and its ability to generate accounts

4

receivable in the future, it is appropriate to enter an order prohibiting the Debtor from further use of the accounts receivable and cash collateral generally.

16.    Accordingly, based upon the Debtor's failure to comply with § 363(c), the entry of an order prohibiting the Debtor's use of cash collateral is in all respects necessary and appropriate.

17.    If in the event the Court finds the Bank's request for relief under section 363(c) to be unwarranted, the Bank seeks in the alternative, an order requiring the Debtor to provide it adequate protection under section 363(e) of the Bankruptcy Code.  Section 363(e) provides in pertinent part:

> . . . on request of an entity that has an interest in the property *used*, sold or leased, by the trustee, the court, with or without a hearing, *shall prohibit or condition such use*, sale, or lease *as is necessary to provide adequate protection of such interest.*

11 U.S.C. § 363 (e) (emphasis added).

18.    The Bank's perfected security interests in the Univest Collateral clearly constitutes an "interest in property" for purposes of section 363(e).  Further, the Debtor is "using" the property subject to the Bank's interest to the extent the Debtor continues to operate its business with funds derived from accounts receivable and continues to utilize the equipment securing the Loans.  As such, the Bank is entitled to adequate protection to prevent further diminution of its interest in the Univest Collateral.

19.    The Bankruptcy Code does not define "adequate protection," however section 361 of the Bankruptcy Code sets forth the following nonexclusive methods of how an interest in property may be adequately protected: (a) periodic cash payments; (b) the grant of additional or replacement liens; and/or (c) the grant of other relief resulting in the "indubitable equivalent" of

PHIL1 900514-3

an entity's interest in the subject property.   "The purpose of providing adequate protection is to insure that a secured creditor receives in value essentially what he bargained for." *In re Shaw Industries, Inc.,* 300 B.R. 861, 865 (Bankr. W.D. Pa. 2003) (citations omitted).   Determining what constitutes sufficient adequate protection requires a case by case analysis. *Id.*

20.    The instant case warrants the granting of adequate protection in favor of the Bank. One of the primary factors considered when determining whether adequate protection is appropriate is whether or not the secured creditor seeking adequate protection is protected by an equity cushion.   Here, there is no evidence before the Court which would suggest that such an equity cushion exists.   As stated above, the obligations to the Bank alone exceed $500,000, while the Bank's collateral is only valued at $197,801.85 with over half of that amount ($100,000) constituting future accounts receivable.   Additionally, of the remaining $97,801.85 of the Collateral $39,156 of it is comprised of inventory, which like accounts receivable is a fluctuating asset subject to rapid depreciation.   As such, insofar as over 70% of the debtors assets are comprised of either inventory or accounts receivable and thus are liquid in nature and subject to rapid depreciation, it is appropriate to award the Bank Adequate Protection.

21.    In sum, given the total lack of an equity cushion coupled with the fact that the Debtor is continuing to use and diminish the value of property constituting the Univest Collateral, the Bank asserts that it is appropriate to award it adequate protection under section 363(e) of the Bankruptcy Code.

<u>CONCLUSION</u>

22.    For the foregoing reasons, the Bank respectfully requests the entry of an order pursuant to § 363(c) of the Bankruptcy Code terminating the Debtor's use of cash collateral, or in the alternative an order requiring the Debtor to provide adequate protection as required by 11 U.S.C. § 363(e).

6

WHREFORE, the Bank respectfully requests the entry of an order pursuant to 11 U.S.C.

§ 363(c) and (e) granting the relief described herein, together with such other and further relief as if

just and proper.

Dated:  January 4, 2010                     KLEHR HARRISON HARVEY
                                            BRANZBURG LLP


                                    BY:    /s/ William R. Hinchman
                                          William R. Hinchman
                                          1835 Market Street, Suite 1400
                                          Philadelphia, PA  19103
                                          Telephone: (215) 569-2796
                                          Facsimile:  (215) 568-6603

                                          Attorney for Univest National Bank and Trust
                                          Company

7

8