IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Fort Washington Dental Lab, Inc. | : | Chapter 11 |
| (Debtor) | : | Docket No. 09-19301 |

SECOND AMENDED DECLARATION IN SUPPORT OF DEBTOR'S
APPLICATION TO EMPLOY COUNSEL

In accordance with Bankruptcy Rule 2014, Geri H. Gallagher Esquire and Michael W. Gallagher, Esquire certify as follows:

1. We are attorneys duly permitted to practice law before this Court.

2. We have experience in bankruptcy, insolvency, and reorganization. We are qualified to represent the Debtor-in-Possession and are willing to accept employment on the basis set forth in the annexed Application.

3. We were retained on or about November 27, 2009 pursuant to the terms of an engagement agreement. Pursuant to the agreement, we will charge the Debtor $250 per hour for work performed.

4. A retainer in the amount of $20,000 was received in connection with the planning and preparation of initial documents and the proposed post-petition representation of the Debtor. The source of the retainer was Isabella Faro-Winkelman, the spouse of the Robert D. Winkelman, President of the Debtor. Such funds were transferred to Geri H. Gallagher on November 27, 2009.

5. All work performed prior to the filing was performed in the twenty-two (22) days prior to the filing of the bankruptcy and all such work performed was related to the bankruptcy filing.

6. Prior to the filing of the bankruptcy, time was spent representing the Debtor with regard to the bankruptcy. Other than the work performed in preparation of the Bankruptcy, neither counsel have previously represented the Debtor in any matter or matters. Time records were kept for the work done and time spent. All such work was performed between November 9 and November 30, 2009. Debtor was charged for 18.9 hours by Geri H. Gallagher and for 11.7 by Michael W. Gallagher. Debtor was charged a total of $7,650.00 for the work performed.

7. Prior to the filing of the bankruptcy $8,689 was paid to counsel from the funds

paid by Isabella Winkelman, which monies paid constituted the funds billed for and reflected in paragraph 5 of this statement, together with the court-charged Chapter 11 filing fee of $1,039.00. This constituted a substantially contemporaneous exchange for services, as permitted under the Code, and does not constitute a preference. <u>In Re Lackawanna Medical Group, P.C.</u>, 323 B.R. 626; 2004 Bankr. LEXIS 2331, (Bankr., M.D. PA 2004).

    8. The balance of the $20,000.00 received shall and does constitute a general retainer as security for post-petition services and expenses, which will be applied to the fees and expenses incurred in this case.

    9. Subject to the approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code and the Local Rules, counsels intend to apply for compensation for professional services rendered in connection with this Chapter 11 case, plus reimbursement of actual, necessary expenses and other charges incurred during the case.

    10. We have reviewed the list of creditors in this matter and other professionals, the Debtor's banks and lenders, and vendors and has determined that we have not formerly represented or is currently representing any creditors or parties in interest.

    11. We do not hold any interest adverse to the Debtor or to the Estate which would disqualify us from representing the Debtor and we are "disinterested person(s)" as defined in 11 USC §101(14) inasmuch as we:

    a. Are not creditors, equity security holders or insiders of the Debtor;
    b. Are not and were not, within two (2) years before the date of the filing of the Debtor's Chapter 11 Petition, directors, officers, or employees of the Debtor; and
    c. Do no hold an interest materially adverse tot he interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

    We declare under penalty of perjury that the foregoing is true and correct to the best of our knowledge information and belief.

Dated: January 27, 2010


  S/ Michael W. Gallagher              S/ Geri H. Gallagher
Michael W. Gallagher, Esquire        Geri H. Gallagher, Esquire
628 Germantown Pike                   P. O. Box 64
Lafayette Hill, PA 19444                  Fairview Village, PA 1409-0064
610-940-6025                                610-635-0134